# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ED RUDY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | **2:12-cv-00696-JEO** |
| | ) | |
| **WALTER COKE, INC.,** Fictitious | ) | |
| parties, a, b, c, being those persons, | ) | |
| firms or corporations doing business as | ) | **JURY TRIAL DEMANDED** |
| Walter Coke or **WALTER** | ) | |
| **ENERGY, INC.,** at the time of the events | ) | |
| made the basis of the complaint, whose | ) | |
| names are not known, but, will be added | ) | |
| by amendment when ascertained, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Walter Coke, Inc., and Walter Energy, Inc. (collectively, "Defendants"), pursuant to <u>Federal Rules of Civil Procedure</u>, Rules 7 and 12, answer Plaintiff Ed Rudy's ("Mr. Rudy") Complaint and asserts the following affirmative defenses.

# FACTS

1. Defendants are without sufficient information to admit or deny the allegations in Paragraph No. 1 of Mr. Rudy's Complaint, and therefore deny the allegations in Paragraph No. 1 of Mr. Rudy's Complaint.

2. Defendant Walter Coke, Inc. admits it is a business organized and existing under the laws of the state of Delaware, doing business in Jefferson County, Alabama. Defendant Walter Energy, Inc. admits it is a business organized and existing under the laws of the state of Delaware, doing business in Jefferson County, Alabama. Defendants deny the remaining allegations in Paragraph No. 2 of Mr. Rudy's Complaint.

3. Defendants are without sufficient information to admit or deny the allegations in Paragraph No. 3 of Mr. Rudy's Complaint and therefore deny the allegations in Paragraph No. 3 of Mr. Rudy's Complaint.

4. Defendants deny the allegations in Paragraph No. 4 of Mr. Rudy's Complaint.

5. Defendants deny the allegations in Paragraph No. 5 of Mr. Rudy's Complaint.

6. Defendants deny the allegations in Paragraph No. 6 of Mr. Rudy's Complaint.

7. Defendants deny the allegations in Paragraph No. 7 of Mr. Rudy's Complaint.

8. Defendants are without sufficient information to admit or deny the allegations in Paragraph No. 8 of Mr. Rudy's Complaint and therefore deny the allegations in Paragraph No. 8 of Mr. Rudy's Complaint.

9. Defendants are without sufficient information to admit or deny the allegations in Paragraph No. 9 of Mr. Rudy's Complaint and therefore deny the allegations in Paragraph No. 9 of Mr. Rudy's Complaint.

10. Defendants deny the allegations in Paragraph No. 10 of Mr. Rudy's Complaint.

11. Defendants are without sufficient information to admit or deny the allegations in Paragraph No. 11 of Mr. Rudy's Complaint and therefore deny the allegations in Paragraph No. 11 of Mr. Rudy's Complaint.

12. Defendants deny the allegations in Paragraph No. 12 of Mr. Rudy's Complaint.

13. Defendants admit Mr. Rudy filed for unemployment compensation benefits and appealed his denial to the Circuit Court of Blount County. Defendants deny the remaining allegations in Paragraph No. 13 of Mr. Rudy's Complaint.

14. Defendants are without sufficient information to admit or deny the allegations in Paragraph No. 14 of Mr. Rudy's Complaint and therefore deny the allegations in Paragraph No. 14 of Mr. Rudy's Complaint.

## COUNT I

## WORKERS' COMPENSATION

15-23. Prior to filing this Answer, Defendants filed their Response to Plaintiff's Motion/Notice to Remand and Objection to Removal (Doc. 4), in which Defendants acknowledge that, although venue is not proper in the Circuit Court of Blount County, Plaintiff's claims under Alabama's Workers' Compensation Act, as alleged in Counts I and II of the Complaint, are due to be remanded to Circuit Court. As such, Defendants have not answered the allegations in Paragraph Nos. 15 through 23 or the prayer for relief following Paragraph No. 23 in this Answer. Defendants will respond to these allegations in the Circuit Court by filing a Motion for Transfer of Venue.

## COUNT II

## WORKERS' COMPENSATION WRONGFUL DISCHARGE TORT

24-31. Prior to filing this Answer, Defendants filed their Response to Plaintiff's Motion/Notice to Remand and Objection to Removal (Doc. 4), in which Defendants acknowledge that, although venue is not proper in the Circuit Court of Blount County, Plaintiff's claims under Alabama's Workers' Compensation Act,

as alleged in Counts I and II of the Complaint, are due to be remanded to Circuit Court.  As such, Defendants have not answered the allegations in Paragraph Nos. 24 through 31 or the prayer for relief following Paragraph No. 31 in this Answer. Defendants will respond to these allegations in the Circuit Court by filing a Motion for Transfer of Venue.

## COUNT III

### ERISA INTERFERENCE/RETALIATATION CLAUSE

32. Defendants deny the allegations in Paragraph No. 32 of Mr. Rudy's Complaint.

33. Defendants deny the allegations in Paragraph No. 33 of Mr. Rudy's Complaint.

34. Defendants deny the allegations in Paragraph No. 34 of Mr. Rudy's Complaint.

35. Defendants deny the allegations in Paragraph No. 35 of Mr. Rudy's Complaint.

36. Defendants deny the allegations in Paragraph No. 36 of Mr. Rudy's Complaint.

37. Defendants deny the allegations in Paragraph No. 37 of Mr. Rudy's Complaint.

38. Defendants deny the allegations in Paragraph No. 38 of Mr. Rudy's Complaint.

Defendants deny Mr. Rudy is entitled to any of the relief requested in the unnumbered paragraph following Paragraph No. 38 of his Complaint and respectfully request this Court enter judgment in favor of Defendants, dismiss with prejudice Mr. Rudy's claims against Defendants, and tax all court costs against Mr. Rudy.

## COUNT IV

## VIOLATION OF FMLA

38. Defendants deny the allegations in Paragraph No. 38 of Mr. Rudy's Complaint.[1]

39. Defendants deny the allegations in Paragraph No. 39 of Mr. Rudy's Complaint.

Defendants deny Mr. Rudy is entitled to any of the relief requested in the unnumbered paragraph following number Paragraph No. 39 of his Complaint, and respectfully request this Court enter judgment in favor of Defendants, dismiss with prejudice Mr. Rudy's claims against Defendants, and tax all court costs against Mr. Rudy.

---

[1] Mr. Rudy's Complaint contains two paragraphs numbered as Paragraph No. 38.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendants deny all allegations of Mr. Rudy's Complaint not explicitly admitted in this Answer and demand strict proof of those allegations.

## SECOND AFFIRMATIVE DEFENSE

Mr. Rudy's Complaint, in all or in part, fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Mr. Rudy's claims are barred by the doctrines of consent, waiver, estoppel, justification, res judicata and the applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE

Mr. Rudy's state law claims are preempted by ERISA to the extent they relate to an employee welfare benefit plan.

## FIFTH AFFIRMATIVE DEFENSE

Mr. Rudy failed to exhaust his administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

Mr. Rudy was not a participant in Defendants' alleged ERISA plan.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants did not engage in discriminatory or retaliatory conduct nor act with any intent to discriminate or retaliate against Mr. Rudy based on Mr. Rudy's rights under ERISA.

## EIGHTH AFFIRMATIVE DEFENSE

All actions and conduct of Defendants taken with regard to Mr. Rudy were based on legitimate, non-discriminatory and non-retaliatory reasons, unrelated to Mr. Rudy's rights under ERISA.

## NINTH AFFIRMATIVE DEFENSE

To the extent Mr. Rudy exercised his rights under ERISA, Defendants are not liable under ERISA as they would have made the same employment decisions even if Mr. Rudy had not exercised those rights.

## TENTH AFFIRMATIVE DEFENSE

Mr. Rudy's claims are barred, in whole or in part, by the rule of set-off for the amount of claims/benefits already paid, and the amount of overpayments, which have been paid to him.

## ELEVENTH AFFIRMATIVE DEFENSE

Mr. Rudy is not entitled to an award of attorney fees and/or costs.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants deny Mr. Rudy is entitled to any relief under the FMLA or ERISA.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Defendants violated the FMLA, their violation was in good faith and Defendants had a reasonable basis for believing their conduct was not in violation of the FMLA.

## FOURTEENTH AFFIRMATIVE DEFENSE

Mr. Rudy was not eligible to take FMLA leave.

## FIFTEENTH AFFIRMATIVE DEFENSE

Mr. Rudy's absences from work did not qualify as leave under the FMLA.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants allowed Mr. Rudy to take the leave he requested.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants did not interfere with Mr. Rudy's rights under the FMLA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Mr. Rudy has not suffered an adverse employment action.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants did not take any actions toward Mr. Rudy that were materially adverse to him or that would dissuade a reasonable person from engaging in protected activity.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants did not retaliate against Mr. Rudy based on his alleged leave under the FMLA or his alleged request to take leave under the FMLA.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

All actions and conduct of Defendants taken with regard to Mr. Rudy were based on legitimate, non-retaliatory reasons, unrelated to Mr. Rudy's alleged FMLA leave or alleged request to take FMLA leave.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Mr. Rudy exercised his rights under the FMLA, Defendants returned him to the same or equivalent position following his alleged FMLA leave.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Mr. Rudy exercised his rights under the FMLA, Defendants are not liable under the FMLA as they would have made the same employment decisions even if Mr. Rudy had not exercised those rights.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants deny the acts alleged in the Complaint were committed willfully, wantonly, intentionally or in reckless disregard of Mr. Rudy's rights.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any damages incurred by Mr. Rudy were proximately caused by third parties for whom Defendants have no control.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Mr. Rudy's damages are the result of a superseding and intervening cause.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any damages claimed by Mr. Rudy in this action resulted from acts, omissions or events other than the alleged acts or omissions of Defendants.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Mr. Rudy failed to mitigate his damages. Alternatively if Mr. Rudy did mitigate his alleged damages, Defendants are entitled to an offset.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants plead the defenses of after-acquired evidence and unclean hands, to the extent they may apply

### THIRTIETH AFFIRMATIVE DEFENSE

The punitive damages sought by Mr. Rudy are unconstitutional under the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of

the Fifth Amendment to the United States Constitution. Mr. Rudy's claims for punitive damages are barred further because the acts, if any, and omissions, if any, of Defendants, which are specifically denied, fail to rise to the level required to sustain a reward of punitive damages; were trivial and isolated; were not motivated by evil intent, discriminatory intent or intent to harm; do not evidence a malicious, know, oppressive, or fraudulent intent to deny Mr. Rudy his protected rights or to harass or otherwise discriminate against Mr. Rudy; and are not so wanton or willful as to support an award of punitive damages.

## **THIRTY-FIRST AFFIRMATIVE DEFENSE**

Mr. Rudy's claims of punitive damages violate the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, on the following grounds:

(a)     It is violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Mr. Rudy's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due

Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportion, or bear a reasonable relationship, to the actual harm incurred;

(h) The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Mr. Rudy's attempt to impose punitive or extra contractual damages on Defendants on the basis of vicarious liability for the conduct by others violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The award of punitive damages to Mr. Rudy in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their Answer to Mr. Rudy's Complaint to raise any claims or additional defenses that may become available during the pendency of this litigation.

## JURY DEMAND

Defendants demand a trial by struck jury as to all Mr. Rudy's claims.

Dated: March 7, 2012.

> Respectfully submitted,
>
> By: /s *Taffi S. Stewart*
> James Lloyd, Esq. (LLO004)
> Taffi S. Stewart, Esq. (SMI171)
> Karen D. Farley, Esq. (FAR035)
> Attorneys for Defendants Walter Coke, Inc. and Walter Energy, Inc.

**OF COUNSEL:**
**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone: (205) 967-8822
Telecopier: (205) 967-2380

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of March, 2012, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Jeffrey W. Bennitt
Jeff Bennitt & Associates, LLC
121 Edenton Street
Birmingham, Alabama 35242
*Attorney for Plaintiff*

William C. Veal
2112 11th Avenue South, Suite 17
Birmingham, Alabama 35252
*Attorney for Plaintiff*

William S. Halsey, III
5120 Selkirk Drive, Suite 240
Birmingham, Alabama 35242
*Attorney for Plaintiff*

The Honorable Steven D. King
Presiding Judge
Circuit Court of Blount County, Alabama
220 Second Avenue East, Room 207
Oneonta, Alabama 35121

/s *Taffi S. Stewart*
OF COUNSEL